IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CHASIDAH FRIED** | § § § | |
| **vs.** | § § | **CASE NO. 6:16-CV-1092-KNM** |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE** | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Summary Judgment (ECF 67). Plaintiff filed a response (ECF 71) on September 26, 2017. Having considered the motion and response, the motion is **GRANTED**.

### Background

Plaintiff, proceeding *pro se*, filed this lawsuit alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964. While employed by the Texas Department of Criminal Justice ("TDCJ"), Plaintiff alleges that she was subjected to race, color, sex, and religious discrimination. Plaintiff alleges discrimination resulting in the termination of her employment and a failure to promote her. Plaintiff alleges that she was subjected to unjustified reprimands and that she was retaliated against when she reported the unjustified reprimands.

Plaintiff states that she practices the Orthodox Jewish faith. Although she does not state it directly, she appears to assert that she was required to work on the Sabbath contrary to her faith. Plaintiff states that she was told that working on the Sabbath would eliminate the hostile work environment. Documentation submitted with Plaintiff's Amended Complaint (ECF 4) indicates that Plaintiff's employment was terminated on July 13, 2016 for unexcused absenteeism. Plaintiff submits that she was not permitted to transfer to a different prison unit that would allow her to

1

observe the Sabbath. Plaintiff filed a notice on January 30, 2017 stating that she applied and received an interview for a TDCJ mail room position. Plaintiff submits that this shows that TDCJ would consider re-hiring her.

In addition to TDCJ, Plaintiff originally brought this Title VII case against several individual employees of TDCJ. The individual defendants filed a partial motion to dismiss asserting that they were entitled to Eleventh Amendment immunity from any claim against them in their official capacities and that the claims against them in their individual capacities should be dismissed because officers of an employer cannot be liable for the same act under Title VII as their employer. The Court granted the partial motion to dismiss on April 25, 2017 and dismissed the claims against the individual defendants.

The remaining defendant, TDCJ, then filed the present motion for summary judgment. TDCJ argues that Plaintiff has not exhausted her administrative remedies, does not state a *prima facie* case for retaliation and has no evidence that she was discriminated against due to her color, sex, or religion. When Plaintiff did not respond to the motion for summary judgment, the Court entered a show cause order for Plaintiff to state why the motion should not be treated as unopposed. Plaintiff then filed a response (ECF 71) asserting that TDCJ does not have admissible evidence that her "wrongful termination was constructive" and that she is appealing the ruling on the dismissal of the individual defendants.[1]

## Standard

The Court may only grant a motion for summary judgment when there is no genuine dispute of material fact and the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a

---

[1] *See* Plaintiff's Motion Opposing Summary Judgment and Proposed Judgment, ECF 71, at *3.

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id*. The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Id.* All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id*.

**Analysis**

TDCJ asserts that Plaintiff has not exhausted her administrative remedies with respect to any claim for race, sex or religious discrimination. Plaintiff filed this lawsuit seeking relief pursuant to Title VII. As a prerequisite to filing a lawsuit pursuant to Title VII, a plaintiff must first file a charge of discrimination with the EEOC within the time limits prescribed by 42 U.S.C. § 2000e-5(e). *Alexander v. Gardner-Denver Co*., 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 (1974);

*United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 1886 (1977); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 248 (5th Cir. 1980). A plaintiff seeking relief pursuant to Title VII must first exhaust her administrative remedies, meaning that she must file a timely charge with the EEOC and receive a statutory notice of right to sue. *Taylor v. Books-a-Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

Here, TDCJ submitted a copy of Plaintiff's EEOC charge of discrimination and the notice of right to sue letter with the motion for summary judgment. The charge of discrimination form, dated August 26, 2014, asserts only a claim of retaliation:

> ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
> ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.)
>
> DATE(S) DISCRIMINATION TOOK PLACE
> Earliest 06/01/2014 Latest 07/30/2014
> ☒ CONTINUING ACTION
>
> THE PARTICULARS ARE:
>
> I. PERSONAL HARM: I have been subjected to discipline, harassment, and loss in wages. In May or June 2014 I filed an internal EEO complaint against Lieutenant Commons and Sargeant Johnson. I was retaliated against after filing that complaint.
>
> II. RESPONDENT'S REASON FOR ADVERSE ACTION: Not calling in when I had presented a PERS request for sick leave.
>
> III. DISCRIMINATION STATEMENT: I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21, and Title VII of the Civil Rights Act of 1964, as amended, for filing an EEO complaint.

*See* Defendant's Motion for Summary Judgment, ECF 67-1, at *17.

Plaintiff's EEOC charge of discrimination alleges retaliation occurring from June 1, 2014 to July 30, 2014. As shown above, Plaintiff alleged that she was retaliated against for filing an internal complaint in May or June 2014. There is no evidence that Plaintiff submitted a charge of discrimination to the EEOC and received a statutory notice of right to sue on her claims for race, gender and religious discrimination or for any activities occurring after July 30, 2014.

Plaintiff's response to the motion for summary judgment does not dispute that she failed to file an EEOC charge of discrimination alleging race, gender or religious discrimination. Plaintiff has only exhausted her claim of retaliation occurring between June 1, 2014 to July 30, 2014. As a result, TDCJ is entitled to judgment as a matter of law on Plaintiff's claims for race, gender and religious discrimination and on any Title VII claim based on events occurring after July 30, 2014. Dismissal of Plaintiff's Title VII claims for race, gender and religious discrimination and for any retaliation or other discrimination that allegedly occurred in July 2016 should be with prejudice because Plaintiff's time for filing an EEOC charge on these claims has expired.[2]

Moreover, Plaintiff did not timely file this lawsuit on her retaliation claim that is the subject of her EEOC charge of discrimination. A plaintiff has ninety days after receiving a right-to-sue letter to file suit. *Taylor*, 296 F.3d at 378–78; 42 U.S.C. § 2000e-5(f)(1). The ninety-day limitation period is strictly construed. *Id*. When the date a right-to-sue letter is received is unknown or disputed, federal courts have presumed various dates of receipt ranging from three to seven days after mailing. *Id*. Here, the right-to-sue letter for Plaintiff's claim of retaliation is dated December 31, 2014. The date Plaintiff received the notice is unknown, but even if the Court applies the more generous seven-day presumption of receipt date, it is presumed that Plaintiff received the notice no later than January 7, 2015. Plaintiff did not file this lawsuit until August 1, 2016, which is approximately 572 days after receipt of the notice of the right to sue. Plaintiff did not file her retaliation claim within the statutory ninety-day time for filing suit and her retaliation claim should be dismissed.

---

[2] A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 300 days after learning of an adverse employment decision. *Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997). In the Amended Complaint, Plaintiff states that the discrimination occurred in July 2016. *See* Amended Complaint, ECF 4, at *2.

**Conclusion**

The undisputed summary judgment evidence establishes that the only Title VII claim for which Plaintiff has exhausted her administrative remedies is a claim for retaliation occurring between June 1, 2014 and July 30, 2014. That retaliation claim, however, was not timely filed in federal court and is time-barred. As a result, the Court does not reach the issue of whether Plaintiff stated a *prima facie* case of retaliation or a claim for discrimination based on race, gender or religion. There are no genuine issues of material fact and TDCJ is entitled to judgment as a matter of law. It is therefore

**ORDERED** that Defendant's Motion for Summary Judgment (ECF 67) is **GRANTED**. The complaint is **DISMISSED** with prejudice. Any motion not previously ruled on is **DENIED**.

So ORDERED and SIGNED this 31st day of October, 2017.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE